# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY CLAYBURN,<br><br>        Plaintiff,<br><br>    v.<br><br>A. K. SCRIBNER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:02-CV-6588-REC-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>(Doc. 39) |

Plaintiff Ricky Clayburn ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Service of plaintiff's third amended complaint was found to be appropriate on December 10, 2004. (Doc. 37.) However, more than one-hundred twenty days have passed and plaintiff has not provided the court with information sufficient to initiate service of process.

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for

1

service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting <u>Puett v. Blandford</u>, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* <u>Sandin v. Connor</u>, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" <u>Walker</u>, 14 F.3d at 1422 (quoting <u>Sellers v. United States</u>, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. <u>Walker,</u> 14 F.3d at 1421-22.

In this instance, this action is proceeding on plaintiff's third amended complaint against defendant Doe 1 on plaintiff's Eighth Amendment claim. (Doc. 37.)  There are no other defendants in this action.  The court cannot direct the United States Marshal to initiate service of process on an unidentified defendant, and this action cannot remain pending in limbo.  On February 2, 2005, the court issued an order opening discovery for the limited purpose of allowing plaintiff to attempt to identify defendant Doe 1. (Doc. 39.)  Plaintiff was ordered to provide the court with the identity of defendant Doe within one-hundred twenty days, and warned plaintiff that if he was unable to provide a name and location for defendant Doe 1, this action must be dismissed. (<u>Id</u>.)

More than one-hundred twenty days have passed and plaintiff has not complied with or otherwise responded to the court's order.  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), for failure to provide information sufficient for the court to direct the Marshal to initiate service of the summons and complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 27, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE